Matter of Portelos v New York City Dept. of Educ. (2020 NY Slip Op 05703)





Matter of Portelos v New York City Dept. of Educ.


2020 NY Slip Op 05703


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 156610/17 Appeal No. 12022 Case No. 2019-4187 

[*1]In re Francesco Portelos, Petitioner-Appellant,
v
New York City Department of Education, et al., Respondents-Respondents.


Francesco A. Portelos, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered August 29, 2018, dismissing the petition brought pursuant to CPLR article 78 to annul the determination of respondent New York City Department of Education (DOE) that petitioner violated Chancellor's Regulation A-820 and the federal Family Educational Rights and Privacy Act (FERPA), unanimously affirmed, without costs.
During an investigation by DOE's Office of Special Investigations (OSI) into a complaint that confidential student information had been posted on the Internet, petitioner, a DOE employee, acknowledged that he was involved in posting the information to the website of United Federation of Teachers (UFT) Solidarity, a political caucus within the UFT. OSI rationally determined that by posting this confidential student information, which included transcripts, attendance records, and grade-change records, petitioner had violated FERPA (see 20 USC § 1232g[b][2]) and Chancellor's Regulation A-820, which conforms to federal regulations promulgated pursuant to FERPA (see 34 CFR part 99).
Petitioner's argument that OSI has no jurisdiction to investigate his alleged misconduct because he undertook this activity as a private citizen and education activist, not in his capacity as a DOE employee, is unavailing. Petitioner's misconduct has a clear nexus to his status as a DOE employee. Moreover, OSI is charged with investigating misconduct within the City of New York school district, which is not limited to misconduct committed by a DOE employee acting within the scope of his employment (see Board of Educ. City of N.Y. v Hershkowitz, 308 AD2d 334, 337-38 [1st Dept 2003], lv dismissed 2 NY3d 759 [2004] ["SCI's (Special Commissioner of Investigations) authority extends beyond investigations which are precedent to disciplinary proceedings within the Board of Education"]; NY City Charter § 526).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020